People of Porto Rico, Plaintiff and Appellee, *v.* Ramón Almodóvar, Defendant and Appellant.

No. 2840. Argued July 19, 1926.—Decided July 29, 1926.

*Herminia Tormes* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Ramón Almodóvar was convicted of carrying a razor.

Prior to the date of the trial herein defendant had been acquitted of a charge of assault alleged to have been committed with the same weapon. The incident which gave rise to the charge of assault seems to have occurred at or near the home of defendant and the theory of the case as developed at the trial does not involve the question of carrying a weapon at the time of the quarrel.

Appellant says that he received a message from police headquarters to present himself with the weapon and that while on his way to town in obedience to the summons he met a policeman to whom he delivered the razor. In this he is corroborated by the policeman as to the meeting in the road and as to the delivery of the weapon. This policeman, upon being asked whether or not a message had been sent to Almodóvar, replied in the negative, but his answer is coupled with the explanation that witness had been sent to investigate and obviously savors somewhat more of inference than of fact.

The chief of police, on the other hand, testified that upon being informed of the affray he sent a policeman to investigate the matter and very frankly states that he did not remember whether or not he had sent any message to defendant by the parties who had reported the affair.

Defendant informed the policeman at once upon meeting him on the road that the razor was the weapon used by him in wounding his adversary and upon arrival at police headquarters made a like statement to the chief. The fact that defendant was on his way to town to deliver the weapon and

to surrender himself or at least to report at police head-quarters is undisputed and seems to be hardly open to question.

The evidence as a whole discloses no satisfactory basis for the conclusion that defendant at any time reasonably within the general scope and purview of the testimony was carrying a weapon as such. The law does not contemplate the conviction and punishment of any individual for the mere carrying of a weapon with which a wound had been inflicted by him from the scene of the event to police head-quarters, either of his own initiative or in response to a formal summons from the chief of police.

The judgment appealed from must be reversed.